Herrera-Figueroa v. Garland

BIA
Hochul, IJ
A202 138 702/703

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-two.

PRESENT:
   ROBERT D. SACK,
   BETH ROBINSON,
   MYRNA PÉREZ,
    *Circuit Judges.*

_____

ANA MARIA HERRERA-FIGUEROA,
LLANY BERENICE ESCALANTE-
HERRERA,
   *Petitioners,*

   v.          20-205
               NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONERS:   Jose Perez, Esq., Syracuse, NY.

FOR RESPONDENT:   Jeffrey Bossert Clark, Acting
            Assistant Attorney General;

Bernard A. Joseph, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ana Maria Herrera-Figueroa and her daughter Llany Berenice Escalante-Herrera, natives and citizens of Guatemala, seek review of a December 18, 2019, decision of the BIA affirming a March 20, 2018, decision of an Immigration Judge ("IJ"), denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ana Maria Herrera-Figueroa, Llany Berenice Escalante-Herrera,* Nos. A 202 138 702/703 (B.I.A. Dec. 18, 2019), *aff'g* Nos. A 202 138 702/703 (Immig. Ct. Buffalo Mar. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**Issues Before This Court**

We have considered the IJ's decision as modified by the

2

BIA, i.e., minus the arguments for denying relief that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review questions of law *de novo*. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). We review findings of fact for substantial evidence, "treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary[.]'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Petitioners alleged past persecution and fear of future persecution and torture based on domestic violence at the hands of Herrera-Figueroa's former partner and because gang members had killed Herrera-Figueroa's father and had attacked Herrera-Figueroa. The BIA affirmed the IJ's denial of asylum and withholding because Petitioners' two proposed particular social groups—(1) "women subjected to domestic violence by partners in Guatemala," and (2) family members of victims of gang violence—were not legally cognizable. With respect to the family-based social group, the BIA additionally affirmed the IJ's denial based on the IJ's nexus finding because Herrera-Figueroa had not shown that gang members were motivated to harm her on account of her family membership.

3

The BIA also affirmed the IJ's denial of CAT relief, finding that there was no clear error in the IJ's determination that Petitioners had not established that it was more likely than not that they would be tortured upon removal to Guatemala.

**Discussion**

First, Petitioners have abandoned their claims to asylum and withholding of removal on the basis of their proposed domestic-violence social group. Their counseled brief to this Court does not address this ground for the denial of relief. *See Yueqing Zhang v. Gonzales*, 426 F. 3d 540, 541 n.1 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (quotation marks omitted)).

Second, with respect to the second proposed social group, the family-based group, the BIA relied on *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019) ("*Matter of L-E-A- II*") to affirm the IJ's decision, and *Matter of L-E-A- II* has since been vacated, *see Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021). Accordingly, we move on to the BIA's further ground for affirming the IJ's decision that Petitioners did not establish the requisite causal nexus between family

4

membership and fear of persecution. Indeed, Petitioners' brief does not challenge the agency's finding that Herrera-Figueroa did not demonstrate that the gang members were motivated to target her or would continue to target her because of her family relationship. To the extent the brief could be read to challenge this ground for the denial of relief, we conclude that substantial evidence supports this finding. *See Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

Third, with respect to their CAT claim, Petitioners' brief contains only vague and conclusory statements that they will be tortured in Guatemala and that the Guatemalan government will be unable or unwilling to protect them from "those type[s] of situations where Guatemalans need protection from perpetrators," and does not cite any country conditions evidence to support the claim. We conclude that substantial evidence supports the finding that Petitioners did not establish that they would more likely than not suffer future harm amounting to torture if removed to Guatemala. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692–93 (2020)

5

(judicial review of the denial of CAT relief is "under the deferential substantial-evidence standard").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
